Ian M. Davis, admitted *pro hac vice*
idavis@mcginnislaw.com
Texas State Bar No. 24120793
**MCGINNIS LOCHRIDGE LLP**
1111 West 6th Street, Bldg. B, Ste. 400
Austin, TX  78703
512-495-6000
512-495-6093 (Fax)

**Attorney for Defendant Securico
Life Insurance Company**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Securico Life Insurance Company,<br><br>　　　　Defendant. | Case No. 2:25-CV-02721-PHX-DWL<br><br>**DEFENDANT SECURICO LIFE INSURANCE COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS** |

Defendant Securico Life Insurance Company ("Securcio") files this (i) Motion to Dismiss Plaintiff Jonathan Bahr's Complaint (Dkt. 1) with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (ii) Motion to Strike Class Allegations pursuant to Rules 12(f) and 23 of the Federal Rules of Civil Procedure. In support thereof, Securico would show as follows:

## I.    INTRODUCTION AND SUMMARY

For several independent reasons, Plaintiff's Complaint fails to plausibly allege that Securico is liable under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. First, the Complaint contends that a "broker" for Securico—Daniel Smith—placed a call in violation of the TCPA. Therefore, Plaintiff seeks to hold Securico vicariously liable for the actions of an alleged agent. Critically, however, Plaintiff's Complaint is completely devoid of well-pleaded factual allegations that give rise to an inference that Daniel Smith is an agent under any of the three common law agency theories (actual authority, apparent authority, or ratification). In fact, by alleging that Daniel Smith is a "broker," Plaintiff has defeated his own theory of imputing vicarious liability on Securico. Second, even assuming that Daniel Smith is an agent of Securico (he is not), the Complaint only links a single call to Daniel Smith. Because the Complaint fails to adequately allege more than one violative call, Plaintiff's TCPA claims fails as a matter of law. Finally, Plaintiff alleges that Securico willfully and knowingly violated the TCPA. However, these allegations are textbook conclusory allegations—devoid of factual enhancement—that the Supreme Court has explained are not entitled to a presumption of truth. Because Plaintiff has not adequately alleged willful or knowing violations by Securico, those allegations (which unlock treble damages under the TCPA) should be dismissed.

Securico also moves to strike Plaintiff's class allegations on two grounds. First, Plaintiff's class definitions are plainly overbroad. Despite the fact that TCPA claims are non-actionable when the call recipient provided their consent, Plaintiff's class definitions do not exclude consenting consumers. Second, Plaintiff's so-called "Robocall Class" class definition centers around putative class members who received calls from an entity identified

as "Everything Health." It is unclear who Everything Health is or how it is connected to Plaintiff's lawsuit. Because Plaintiff himself does not qualify as a member of the "Robocall Class," that class definition should be struck.

## II.    COMPLAINT'S ALLEGATIONS

Plaintiff Jonathan Bahr brings this action on his own behalf and as a putative class action against Securico, alleging violations of the TCPA. *See* Dkt. 1. Specifically, Plaintiff alleges that he received **four** telephone calls in violation of: (1) the TCPA's do-not-call-registry rules (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)), and (2) the TCPA's prohibition against prerecorded messages (47 U.S.C. § 227(b)). *See* Dkt. 1, ¶¶ 55, 60. He further alleges (albeit in a conclusory fashion) that these violations were committed willfully and knowingly, thereby seeking treble damages. *See* Dkt. 1, ¶¶ 56-57, 62.

A majority of the Complaint simply recites legal principles regarding the TCPA and offers formulaic recitations of the elements of a TCPA cause of action. *See* Dkt. 1, ¶¶ 1-2, 4-14, 33-63. Once these conclusory legal allegations are set aside, the factual allegations that remain are rather lean. *See* Dkt. 1, ¶¶ 15-32.

In particular, Plaintiff alleges that he "rejected the first two calls, once on March 11, 2025 and once on March 15, 2025, because he did not recognize the number." Dkt. 1, ¶ 22. Conspicuously, however, Plaintiff does not identify the telephone number(s) that allegedly placed the calls to him on these two occasions.

Next, Plaintiff alleges that he answered "the third call" on March 27, 2025, yet again, he fails to identify the telephone number that called him. *See* Dkt. 1, ¶ 23. After answering, Plaintiff contends that an "automated voice began asking scripted questions" and once he answered those questions, he "was then transferred to a live agent who identified himself as Daniel Smith, a broker for Securico Life Insurance Company[.]" Dkt. 1, ¶¶ 25-26.

Finally, Plaintiff alleges he was called a fourth time on April 23, 2025, "by the Caller ID 480-977-4305." Dkt. 1, ¶ 27. Plaintiff answered the call, but immediately hung up. *See* Dkt. 1, ¶ 27. The Complaint states that Plaintiff did not provide any prior consent to receive these alleged calls. *See* Dkt. 1, ¶¶ 28, 31.

Based on these four calls, Plaintiff seeks nationwide class certification for two distinct classes:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
> **Robocall Class:** Plaintiff and persons throughout the United States (1) to whom **Everything Health** placed a call, or someone did on their behalf, (2) directed to a number assigned to a cellular telephone service, but not assigned to a **Everything Health** customer or accountholder, (3) in connection with which **Everything Health** used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

Dkt. 1, ¶ 36 (emphasis added).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Rule 12(b)(6) Standard

"[T]o survive a motion to dismiss" under Rule 12(b)(6), "a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678). However, the court need not accept legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 679-80. The plausibility standard demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all ***factual allegations***. *See Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th

Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Rules 12(f) and 23 Standard

Rule 12(f) authorizes courts to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Before a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citing *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005)).

Plaintiff bears the burden of pleading, and ultimately demonstrating, compliance with Rule 23's class action requirements. *See Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001). Though "[i]n general, the appropriateness of proceeding as a class action is not tested at the pleading stage," *Hernandez v. State Farm Fire & Cas. Co.*, No. 16CV200-LAB (JLB), 2017 U.S. Dist. LEXIS 34174, at *6 (S.D. Cal. Mar. 9, 2017), "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). "In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Brown*, 913 F. Supp. 2d at 888 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

### IV.  ARGUMENT & AUTHORITIES

#### A. Plaintiff Fails to State a Plausible Claim for Relief Against Securico

##### i.  Plaintiff fails to adequately allege vicarious liability against Securico

In his Complaint, Plaintiff does not appear to base any of the claims against Securico on direct liability. *See* Dkt. 1, ¶ 26. Rather, Plaintiff suggests that Securico is vicariously

liable under the TCPA because Daniel Smith—an alleged "broker for Securico"—placed a single telemarketing call to him. *See* Dkt. 1, ¶ 26. However, as explained below, Plaintiff entirely fails to allege facts that support a theory of vicarious liability.

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd but criticized on other grounds*, 577 U.S. 153 (2016). "To determine whether a plaintiff has established an agency relationship, the Ninth Circuit 'relies on the Restatement (Third) of Agency.'" *Ewing v. Freedom Forever, LLC*, No. 23-CV-1240 JLS (AHG), 2024 U.S. Dist. LEXIS 10197, at *17 (S.D. Cal. Jan. 19, 2024) (quoting *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018)). Common law agency under the Restatement requires a consensual relationship between an alleged principal and agent. *See* Restatement (Third) of Agency, § 1.01, cmt. c. This is "more than mere passive permission; it involves request, instruction, or command." *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931). "For an agency relationship to exist, an agent must have authority to act on behalf of the principal and '[t]he person represented [must have] a right to control the actions of the agent.'" *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (quoting Restatement (Third) Of Agency § 1.01, cmt. c).

"Three theories of agency could support vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification." *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-CV-03315-PJH, 2018 U.S. Dist. LEXIS 2414, at *11 (N.D. Cal. Jan. 4, 2018) (citing *Thomas v. Taco Bell Corp.*, 582 Fed. App'x 678, 679 (9th Cir. 2014)). As explained below, nothing in the Complaint comes close to plausibly alleging any one of these agency theories, as opposed to a standard broker or independent contractor relationship, between Securico and Daniel Smith.

### a. Actual authority

To allege actual authority, a plaintiff must allege facts showing that (1) the principal "controlled or had the right to control" the agent; (2) the principal "'manifest[ed] assent' to

their right to control" the agent; and (3) the principal "either communicated a direction to" the agent to make the calls or the calls were "consistent with" the principal's "general statement of what [the agent] [was] supposed to do." *Pascal v. Agentra, LLC*, No. 19-CV-02418-DMR, 2019 U.S. Dist. LEXIS 179359, at *8 (N.D. Cal. Oct. 16, 2019) (quoting *Mavrix*, 873 F.3d at 1054); *see also Friedman v. Massage Envy Franchising, LCC,* No. 3:12-cv-02962-L-RBB, 2013 U.S. Dist. LEXIS 84250, at *8-12 (S.D. Cal. June 13, 2013). "Generally, an individual acting as an 'independent contractor,' rather than an agent, does not have the traditional agency relationship with the principal necessary for vicarious liability." *Naiman v. TranzVia LLC*, No. 17-cv-4813-PJH, 2017 U.S. Dist. LEXIS 199131, at *35 (N.D. Cal. Dec. 4, 2017).

Here, the Complaint includes a single allegation purporting to link Securico with Daniel Smith (who Plaintiff contends placed the *third* call). Plaintiff alleges that after answering the third call, he was "transferred to a live agent who identified himself as Daniel Smith, **a broker for Securico**[.]" Dkt. 1, ¶¶ 26 (emphasis added).

As this Court has explained, "[a] broker does not become an agent of the insurer 'simply because the insurer contemplates receiving insurance business from brokers.'" *Cawley v. Am. Fin. Sec. Life Ins. Co.,* No. CV-22-00823-PHX-SPL, 2025 U.S. Dist. LEXIS 35248, at *18 (D. Ariz. Feb. 26, 2025) (quoting *Curran v. Indus. Comm'n*, 156 Ariz. 434, 752 P.2d 523, 525 (Ariz. Ct. App. 1988)). That's because "[i]nsurance agents differ from independent agents or brokers. The former are authorized representatives of the insurer; the latter are middlemen representing the insured. For this reason, the acts of the insurance agent, but not those of the independent agent or broker, are imputable to the insurer." *Id.* at *15 (citing *Curran*, 752 P.2d at 525). Although Plaintiff's bare allegation that Daniel Smith is a "broker" of Securico is a conclusory allegation devoid of factual enhancement—and therefore not entitled to a presumption of truth[1]—even if the Court were to assume this allegation as true, that alone would defeat Plaintiff's theory that Daniel Smith was an agent

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

of Securico sufficient to impute liability on Securico for his (alleged) violations of the TCPA.

Putting aside that Plaintiff has essentially admitted that Securico lacks an agency relationship with the alleged caller (Daniel Smith), Plaintiff also fails to state any specific, non-conclusory facts about the alleged relationship between Daniel Smith and Securico sufficient to show the three prongs necessary for actual authority. There are no allegations supporting the existence of an agency relationship between the Securico and Daniel Smith, any "request, instruction, or command," *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931), or that Securico demonstrated "a right to control the actions of [an] agent." Restatement (Third) Of Agency § 1.01, cmt. c.

Finally, Plaintiff also fails to allege any facts that connect either Securico or Daniel Smith to the first, second and fourth calls he received. Plaintiff does not identify the telephone number that placed either of the first two calls, and he admits that he didn't answer them—and therefore could not possibly know who placed the calls. *See* Dkt. 1, ¶ 22 (Plaintiff alleging that he "rejected the first two calls, once on March 11, 2025 and once on March 15, 2025, because he did not recognize the number.").

Simply put, Plaintiff has not stated any facts to plausibly suggest that Securico "controlled or had the right to control [the purported agent] and, more specifically, the manner and means of the [marketing] . . . they conducted," which is necessary for actual agency. *Thomas v. Taco Bell Corp.,* 879 F.Supp.2d 1079, 1080 (C.D. Cal. 2012), *aff'd,* 582 F. App'x 678 (9th Cir. 2014). Nor can Plaintiff plausibly base formal agency upon the allegation that he was "transferred to a live agent who identified himself as Daniel Smith, a broker for Securico[.]" Dkt. 1, ¶ 26. "It is not enough that each representative identified him or herself as acting on behalf of [Securico]. Such allegations say nothing about whether defendant consented to those representations. And, more importantly, such allegations indicate nothing about the amount of control, if any, defendant purportedly exercised over the representatives." *Abante Rooter & Plumbing, Inc. v. Arashi Mahalo, LLC,* No. 17-cv-03315-PJH-VC, 2018 U.S. Dist. LEXIS 2414, at *12 (N.D. Cal. Jan. 4, 2018); *see also*

*Declements v. Americana Holdings LLC,* No. CV-20-00166-PHX-DLR, 2020 U.S. Dist. LEXIS 130213, at *3 (D. Ariz. July 23, 2020) (dismissing TCPA claim where plaintiff failed to allege anyone "directed agents use an autodialer in any way that violates the TCPA"); *Thomas v. Taco Bell Corp.,* 582 F. App'x 678, 680 (9th Cir. 2014) (affirming dismissal of TCPA claims when plaintiff failed to adequately plead vicarious liability or agency); *Linlor v. Five9, Inc.,* 2017 U.S. Dist. LEXIS 108162, at *10 (S.D. Cal. July 11, 2017) (dismissing TCPA claim where complaint "fails to sufficiently allege Defendant is vicariously liable for allegedly unlawful text messages created and sent by an unnamed third party"); *Panacci v. A1 Solar Power, Inc.*, No. 15-CV-00532-JCS, 2015 U.S. Dist. LEXIS 77294, at *21-22 (N.D. Cal. June 15, 2015) (finding no vicarious liability where plaintiff did not allege that defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller, and where plaintiff pleaded "virtually no [factual] allegations regarding the relationship" between defendant and the caller).

The fact is that Securico never authorized anyone to violate the TCPA or to call people who had not given consent to be called. Because Plaintiff does not plausibly allege vicarious liability against Securico under an actual agency theory, the Complaint must fail.

### b. Apparent authority

Much like above, Plaintiff's Complaint does not contain any well-pleaded facts sufficient to permit a plausible inference of agency by apparent authority.

An agency relationship may also be created through apparent authority. *See Mavrix*, 873 F.3d at 1054 (citation omitted). "Apparent authority results when the principal does something or permits the agent to do something which reasonably leads another to believe that the agent had the authority he purported to have." *Hawaiian Paradise Park Corp. v. Friendly Broad. Co.*, 414 F.2d 750, 756 (9th Cir. 1969). "The principal's manifestations giving rise to apparent authority may consist of direct statements to the third person, directions to the agent to tell something to the third person, or the granting of permission to the agent to perform acts and conduct negotiations under circumstances which create in him a reputation of authority." *Id*. (citation omitted). Thus, apparent authority "can only 'be

established by proof of ***something said or done by the [alleged principal]***, on which [the plaintiff] reasonably relied.'" *Thomas*, 582 F. App'x at 679 (quoting *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997)) (emphasis added); *see also C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) ("[T]he ostensible authority of an agent ***cannot be based solely upon the agent's conduct***.") (emphasis added).

Here, Plaintiff's apparent authority theory fails for the simple fact that Plaintiff does not allege any facts of interaction between Securico and Plaintiff or Securico and Daniel Smith that could support a belief that Daniel Smith had the authority to make calls on Securico's behalf. *See Thomas,* 582 F. App'x at 679; *Abante*, 2018 U.S. Dist. LEXIS 2414, at *13-14 (rejecting as insufficient allegations that defendant's agents called on defendant's behalf and promoted defendant's brand and products because "they assume an agency relationship exists in order to show defendant made a manifestation to a third party"); *TranzVia*, 2017 U.S. Dist. LEXIS 199131, at *30-35 (finding allegation that defendant called plaintiff after plaintiff left voicemail in response to purported agent's calls insufficient to support apparent authority); *Panacci v. A1 Solar Power, Inc.*, No. 15-CV-00532-JCS, 2015 U.S. Dist. LEXIS 77293, at *21-22 (N.D. Cal. June 15, 2015) (finding allegation that purported agent "stated that the intention was to refer Plaintiff to Defendant" was insufficient because it did "not show that [defendant] controlled, authorized, or even knew about [purported agent's] phone calls or that [defendant] had any control over [purported agent]").

Allegations of the alleged agents' statements alone are insufficient. *See Hawaiian Paradise Park Corp.*, 414 F.2d at 756; *Hanson v. Am. W. Airlines, Inc.*, 544 F. Supp. 2d 1038, 1043 (C.D. Cal. 2008) ("Only the acts of the principal, not of the agent, give rise to apparent authority") (citing C.A.*R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 479 (9th Cir. 2000)).

Thus, Plaintiff has not alleged any facts that raise the claim of an agency relationship by apparent authority beyond the speculative level. At most, the Complaint's allegations

suggest a relationship between the purported caller (Daniel Smith) and Securico,[2] but "the bare existence of a relationship does not indicate that [the purported callers were] authorized to act on defendant's behalf or speak to the scope of that purported authorization." *Abante*, 2018 U.S. Dist. LEXIS 2414, at *14.

### c. Ratification

Plaintiff fares no better with ratification, which is the "affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting Restatement (Third) of Agency § 4.01(1)). "Even if a principal ratifies an agent's act, '[t]he principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking.'" *Id.* (quoting Restatement (Third) of Agency § 4.01, cmt. b). Thus, to allege that Securico ratified the making of any "allegedly improper calls, plaintiff must allege facts sufficient to allow the court to reasonably infer that [Securico] knew that [Daniel Smith] violated the TCPA and that [Securico] 'knowingly' accepted the benefits of [Daniel Smith's] violation." *TranzVia*, 2017 U.S. Dist. LEXIS 199131, at *19.

No such facts are alleged in the Complaint. In fact, the Complaint concedes that Plaintiff ignored three of the four allegedly offending calls, and that he never consummated any transaction with Daniel Smith. Taken together, the Complaint lacks any well-pleaded allegations of fact sufficient to render a ratification theory of agency plausible. Lacking well-pleaded allegations of any agency theory, Plaintiff's claims against Securico should be dismissed.

### ii. The Complaint only attempts to link one of the four calls to Securico

In addition to Plaintiff's failure to adequately allege vicarious liability against

---

[2] The evidence will show that Securico does not have *any* relationship with a "Daniel Smith" by contract, as a broker, or otherwise.

Securico, the Complaint also contains serious deficiencies with respect to the nature and details of the calls themselves. As explained above, the Complaint describes four allegedly violative calls. *See* Dkt. 1, ¶¶ 21-27. The totality of Plaintiff's allegations regarding these four calls is as follows:

> The Plaintiff rejected the first two calls, once on March 11, 2025, and once on March 15, 2025, because he did not recognize the number.
>
> On March 27, 2025, the Plaintiff answered the third call.
>
> Upon answering, Plaintiff heard a clicking noise followed by an automated voice saying "Hello," indicating that the call originated from a pre-recorded message.
>
> After Plaintiff responded, the automated voice began asking scripted questions to "qualify" Plaintiff for Defendant's services. Once Plaintiff answered, the automated voice stated, "You perfectly qualify, let me transfer you to an agent.
>
> Plaintiff was then transferred to a live agent who identified himself as Daniel Smith, a broker for Securico Life Insurance Company, and stated that the call concerned funeral and burial insurance.
>
> After this call, Plaintiff was called again on April 23, 2025, by the Caller ID 480-977-4305. Plaintiff answered and then hung up.

Dkt. 1, ¶¶ 22-27.

Notably, Plaintiff does not identify the phone number that called him for the first, second and third calls; he only identifies the phone number that allegedly called him in connection with the fourth call. *See* Dkt. 1, ¶¶ 22-27. Therefore, taking Plaintiff's Complaint as true, only the third call includes allegations that connect it to Securico (albeit insufficiently, as described above). In other words, nothing in the Complaint links the first, second and fourth calls to Securico or even Daniel Smith. Indeed, Plaintiff has judicially admitted that he didn't answer the first and second calls, and that he immediately hung up after answering the fourth call without hearing or speaking with anyone on the other end of the line. Thus, Plaintiff's Complaint alleges, at most, a single call linked to Daniel Smith/Securico.

This is important because the TCPA's private right of action is only triggered when

a consumer receives "more than one [violative] telephone call within any 12-month period . . ." 47 U.S.C. § 227(c)(5); *see also Jones v. Royal Admin. Services, Inc.*, 887 F.3d 443, 448 (9th Cir. 2018) (citing 47 U.S.C. § 227(c)(5) (emphasis added) (TCPA gives consumers "who ha[ve] received *more than one telephone call* within any 12-month period by or on behalf of the same entity in violation of the[se] regulations" a private right of action).

Because Plaintiff's Complaint does not plausibly allege that he received more than one call from Daniel Smith/Securico over a 12-month period, Plaintiff has not stated a claim for violation of the TCPA and his Complaint should be dismissed. *See, e.g., Nicholas Greene v. Select Funding LLC,* No. 2:20-cv-7333, 2021 U.S. Dist. LEXIS 206366, at *12 (C.D. Cal. Feb. 5, 2021) (dismissing plaintiff's complaint when he "only alleged *one* telephone solicitation" because "more than one telephone solicitation is needed to trigger a violation" and the plaintiff failed to allege "the content of the other calls that would allow the Court to reasonably infer that these other calls were solicitations."); *Gillam v. Reliance First Cap., LLC,* No. 21-cv-4774 (JMA) (JMW), 2023 U.S. Dist. LEXIS 29477, at *6-8 (E.D. N.Y. Feb. 22, 2023) (same); *Weingrad v. Top Healthcare Options Ins. Agency Co.,* No. 23-5114, 2024 U.S. Dist. LEXIS 167980, at *6-8 (E.D. Penn. Sept. 17, 2024) (same).

### iii. Plaintiff fails to allege that Securico willfully or knowingly violated the TCPA

In Counts One and Two, Plaintiff asserts claims against Securico for willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(c)(5) (do-not-call-registry claim) and 47 U.S.C. § 227(b) (prerecorded message claim). *See* Dkt. 1, ¶¶ 56, 62.[3] Yet, Plaintiff has "failed to assert any facts that suggest that [Securico's] alleged TCPA violation was willful and knowing." *McCullough v. Maximum Title Loans LLC,* No. CV-19-00717-PHX-JJT, 2019 U.S. Dist. LEXIS 141323, at *9 (D. Ariz. Aug. 20, 2019). Accordingly, the

---

[3] The TCPA permits a person bringing an action under the TCPA "to receive $500 in damages for each such violation", 47 U.S.C. § 227(b)(3)(B), but when a defendant willfully or knowingly violates the statute, a court has discretion to increase the award to an amount equal to but not more than three times the amount of damages available (*i.e.* up to $1,500 per violation). *See id.* at § 227(b)(3).

Court should dismiss Plaintiff's claims that Securico willfully and/or knowingly violated the TCPA with prejudice.

### B. Plaintiff's Class Allegations Should Be Struck

Securico moves to strike Plaintiff's class allegations on two grounds. First, Plaintiff's class allegations are overbroad, as they do not exclude any potential class members that consented to calls. Second, Plaintiff is not a member of one of the two classes he seeks to represent.

A defendant may move to strike class allegations before discovery when the complaint shows a class action could not be maintained on the facts alleged. *See Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). "[N]o class may be certified that contains members lacking Article III standing." *Id.* at 991 (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)). In *Sanders*, the court granted a motion to dismiss and struck class allegations under FRCP 12(f) because the class definition "include[d] all persons within the United States who own a 20-inch Aluminum iMac," which "necessarily include[d] individuals who did not ***purchase*** their 20-inch Aluminum iMac, individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages." *Id*. (emphasis added). The court explained that "[s]uch individuals would lack standing to bring these claims." *Id*.

Here, both of Plaintiff's class definitions are overly broad because they fail to exclude any members who may have consented to receiving phone calls from Securico. The TCPA expressly precludes claims made by individuals who consented to be called. *See* 47 U.S.C. § 227(b)(1)(A) (excluding from liability any call "made with the prior express consent of the called party"). Plaintiff's class definitions do not distinguish between individuals who have versus have not consented to calls from Securico. *See* Dkt. 1, ¶ 36. Like in *Sanders,* consenting individuals would lack standing. *See* 672 F.Supp.2d at 991; *see also Brown v. Nano Hearing Tech. Opco, LLC,* 2024 U.S. Dist. LEXIS 120371, at *22 (S.D. Cal. July 9, 2024) (striking TCPA class definition that failed to exclude persons who had consented to receive calls).

Plaintiff's "Robocall Class" definition fails for an addition reason. *See* Dkt. 1, ¶ 36. Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that an individual plaintiff's claims be typical of those that the proposed class would advance. *See* FED. R. CIV. P. 23(a)(3). The test for Rule 23(a) typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)).

Here, for two reasons, Plaintiff has not alleged that he falls into his own "Robocall Class" class definition. First, the "Robocall Class" class definition references persons "to whom **Everything Health** placed a call[.] Dkt. 1, ¶ 36 (emphasis added). Yet Plaintiff has neither named Everything Health as a defendant, nor alleged that he received a violative call from Everything Health. Indeed, it is unclear who Everything Health is or how it is related to Plaintiff's lawsuit against Securico.

Secondly, for the reasons discussed above, Plaintiff failed to plead he was injured by Securico because the Complaint does not sufficiently allege the calls were made by Securico or its agent. As a result, his claims cannot be typical of those that the proposed class would advance, and other class members cannot "have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984. Since the Complaint does not name any other plaintiffs, the purported class lacks typicality. *See Galan Segura v. CRST Van Expedited, Inc.*, No. EDCV1201901TJHSPX, 2014 U.S. Dist. LEXIS 190412, at *4-5 (C.D. Cal. June 16, 2014) (denying class certification in part for lack of typicality because the named plaintiff "has not suffered any injuries under the alleged [] violations . . . and, therefore, is not a class member.").

Accordingly, the Court should grant Securico's FRCP 12(f) Motion to Strike Class

Allegations.

## V. PRAYER FOR RELIEF

For these reasons, Defendant Securico Life Insurance Company respectfully requests that the Court enter an order (1) dismissing Plaintiff's Complaint with prejudice, (2) striking Plaintiff's class allegations, and (3) granting any other relief that the Court deems appropriate.

DATED: August 25, 2025

By: _____/s/ Ian Davis_____

Ian M. Davis, admitted *pro hac vice*
idavis@mcginnislaw.com
Texas State Bar No. 24120793
**MCGINNIS LOCHRIDGE LLP**
1111 West 6th Street, Bldg. B, Ste. 400
Austin, TX  78703
512-495-6000
512-495-6093 (Fax)

**Attorney for Defendant Securico Life Insurance Company**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 25th day of August, 2025, I served the foregoing document on the counsel listed below via the Court's ECF management system:

Anthony Paronich
Paronich Law, PC
350 Lincoln Street, Ste. 2400
Hingham, MA 02043
617.485.0018
Anthony@paronichlaw.com

_____/s/ Ian Davis_____