1  Ian M. Davis, admitted *pro hac vice*
   idavis@mcginnislaw.com
2  Texas State Bar No. 24120793
3  **MCGINNIS LOCHRIDGE LLP**
   1111 West 6th Street, Bldg. B, Ste. 400
4  Austin, TX  78703
5  512-495-6000
   512-495-6093 (Fax)
6
   **Attorney for Defendant Securico**
7  **Life Insurance Company**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>Securico Life Insurance Company,<br><br>       Defendant. | Case No. 2:25-CV-02721-PHX-DWL<br><br>**DEFENDANT SECURICO LIFE INSURANCE COMPANY'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

Subject to its Motion to Dismiss (Dkt. 7), Defendant Securico Life Insurance Company ("Securico" or "Defendant") files this Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and respectfully requests that the Court transfer this action to the United States District Court for the Western District of Texas, Austin Division. In support thereof, Securico would show as follows:

## I.    INTRODUCTION AND SUMMARY

Securico moves the Court for an order transferring this action to the United States District Court for the Western District of Texas, Austin Division. Plaintiff's choice of forum is entitled to little weight in this attorney-driven, putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Rather, the center of gravity in this case is Texas, where Securico is headquartered, where Securico's employees all reside, and where the relevant witnesses are located. Pursuant to 28 U.S.C. § 1404(a), and the interest of convenience and judicial economy, this lawsuit should be transferred to the Western District of Texas, Austin Division.

## II.   BACKGROUND

Plaintiff Jonathan Bahr brings this action on his own behalf and as a putative class action against Securico, alleging violations of the TCPA. *See* Dkt. 1. Specifically, Plaintiff alleges that he received **four** telephone calls in violation of: (1) the TCPA's do-not-call-registry rules (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)), and (2) the TCPA's prohibition against prerecorded messages (47 U.S.C. § 227(b)). *See* Dkt. 1, ¶¶ 55, 60.

A majority of the Complaint simply recites legal principles regarding the TCPA and offers formulaic recitations of the elements of a TCPA cause of action. *See* Dkt. 1, ¶¶ 1-2, 4-14, 33-63. Once these conclusory legal allegations are set aside, the factual allegations that remain are rather lean. *See* Dkt. 1, ¶¶ 15-32.

In particular, Plaintiff alleges that he "rejected the first two calls, once on March 11, 2025 and once on March 15, 2025, because he did not recognize the number." Dkt. 1, ¶ 22.

Next, Plaintiff alleges that he answered "the third call" on March 27, 2025. *See* Dkt. 1, ¶ 23. After answering, Plaintiff contends that an "automated voice began asking scripted

questions" and once he answered those questions, he "was then transferred to a live agent who identified himself as Daniel Smith, a broker for Securico Life Insurance Company[.]" Dkt. 1, ¶¶ 25-26.

Finally, Plaintiff alleges he was called a fourth time on April 23, 2025, "by the Caller ID 480-977-4305." Dkt. 1, ¶ 27. Plaintiff answered the call, but immediately hung up. *See* Dkt. 1, ¶ 27. The Complaint states that Plaintiff did not provide any prior consent to receive these alleged calls. *See* Dkt. 1, ¶¶ 28, 31.

Based on these four calls, Plaintiff seeks nationwide class certification for two distinct classes:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
> **Robocall Class:** Plaintiff and persons throughout the United States (1) to whom **Everything Health** placed a call, or someone did on their behalf, (2) directed to a number assigned to a cellular telephone service, but not assigned to a **Everything Health** customer or accountholder, (3) in connection with which **Everything Health** used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

Dkt. 1, ¶ 36 (emphasis added).

### III.    ARGUMENT & AUTHORITIES

#### A.    Legal Standard

28 U.S.C. § 1404(a) allows a district court to "transfer any civil action to any other district or division it might have been brought" if a transfer would promote "the convenience of the parties and witnesses [and] the interest of justice." The purpose of § 1404(a) is to "prevent the waste 'of time, energy, and money'" and to "'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)).

Section 1404(a) therefore vests courts with the discretion "to adjudicate motions for

transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (internal quotation marks omitted). Because Section 1404(a) governs transfer only in a properly venued case, the first step is to determine whether the transferor and transferee courts are proper venues. *See Laguardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 88142, at *18 (S.D. Cal. 2020).

"After it is established that venue is proper in both districts, the court must then weigh multiple factors to determine whether transfer is appropriate." *Id.* There are eight factors that courts frequently consider:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims,[1] (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.,* 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009). "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Kempton v. Life for Relief and Dev. Inc.*, 2019 U.S. Dist. LEXIS 178225, at *4 (D. Ariz. Oct. 15, 2019).

**B.     Venue Is Proper in Both This District and the Western District of Texas**

Venue is proper "in a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). Securico maintains its principal place of business in Austin, Texas, which is in the Western District of Texas. *See* Exhibit A, *Declaration of Jodie Tedrow*, ¶ 5. Because "an entity with the capacity to sue and be sued" is "deemed to reside . . . in any judicial district in which . . . [it] is subject to the court's personal jurisdiction," venue is proper in the Western District of Texas. 28 U.S.C. § 1391(c)(2).

Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* at § 1391(b)(2). For purposes of TCPA claims, a "substantial part" of the events occur where the plaintiff received the purportedly

---

[1] Because consolidation of claims is not at issue here, Securico does not discuss this factor in its analysis below.

prohibited communication. *See, e.g., Schick v. Resolute Bank,* 2019 U.S. Dist. LEXIS 227944, at *3-4 (D. Ariz. Nov. 12, 2019); *Sapan v. Dynamic Network Factory, Inc.*, 2013 U.S. Dist. LEXIS 192266, at *7 (S.D. Cal. Nov. 22, 2013). Plaintiff alleges he received the offending text message in Arizona, which is in the District of Arizona. *See* Dkt. 1, ¶¶ 18-20. Accordingly, venue is appropriate in this District as well.

### C. The Court Should Transfer this Case to the Western District of Texas, Austin Division

#### 1. Plaintiff's Choice of Forum and the Contacts Relating to Plaintiff's Claims Are Significantly Diminished in a Putative Class Action

"For purposes of a section 1404(a) analysis, the plaintiff's choice of forum always weighs against transfer." *Martin v. Global Tel*Link Corp.*, 2015 U.S. Dist. LEXIS 59474, at *9 (N.D. Cal. May 6, 2015). In general, "a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). However, that general rule ***falls away*** "when an individual . . . represents a class," in which case the plaintiff's choice of forum is "given less weight." *Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987). This is especially true where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Id*.

Here, while Plaintiff's choice of forum may be entitled to *some* deference, it is not entitled to the "substantial weight" it would be afforded in most cases. That's because Plaintiff seeks to represent a class. And moreover, most of the operative facts—where Securico directs its business operations—occurred in Texas, not Arizona. *See* Exhibit A, ¶¶ 5-7, 9; *see also Kissick v. Am. Residential Servs., LLC,* 2019 U.S. Dist. LEXIS 209783, at *7 (C.D. Cal. July 18, 2019) ("Contrary to Plaintiff's contention that the only operative facts are that he 'resides in this District and received the call(s) at issue in this District,' this action will necessarily involve numerous other operative facts about [defendant's] business practices and decisions behind the call that was alleged to be in violation of the TCPA"). This alone diminishes the connection to Arizona and further reduces the weight afforded to Plaintiff's choice of forum. *See Lou,* 834 F.2d at 739.

## 2. Convenience of the Parties

The next factor examines the relative convenience to the parties of litigating in Texas versus Arizona. *See Vu v. Ortho-McNeil Pharm., Inc.,* 602 F.Supp.2d 1151, 1156. This factor does not weigh in favor of a transfer if "[t]he transfer would merely shift rather than eliminate the inconvenience." *Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Instead, it must make the litigation more convenient overall, even if that comes at the expense of slightly increasing the inconvenience to one party. *Cf. Kissick*, 2019 U.S. Dist. LEXIS 209783, at *8-10.

This factor weighs in favor of transfer. Litigating this case in Texas is clearly more convenient for Securico. It is headquartered in Austin, and many of the operative facts in this case occurred in Texas. *See Pierucci v. Homes.com, Inc.,* 2020 U.S. Dist. LEXIS 165956, at *12-14 (D. Ariz. Sept. 10, 2020); *see also* Exhibit A, ¶¶ 5-7, 9. Moreover, the Western District of Texas will be better equipped to compel the testimony of any former employee unwilling to testify, an option likely unavailable in this District. *See Mina v. Red Robin Int'l*, 2020 U.S. Dist. LEXIS 127905, at *6-7 (C.D. Cal. 2020); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000) ("[T]he court may consider . . . the availability of compulsory process to compel attendance of unwilling non-party witnesses."); FED. R. CIV. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

On the other hand, Plaintiff would suffer only modest inconvenience if forced to litigate in Texas. Securico acknowledges that litigating this action in Texas will be less convenient to Plaintiff than litigating in his home state. But the fact this is a class action mitigates that concern. "TCPA class actions are normally **attorney driven** and require **limited participation** from the named plaintiff for their individual claims or as class representatives." *Laguardia*, 2020 U.S. Dist. LEXIS 88142, at *22-23 (emphasis added). Additionally, "potential class plaintiffs will come from all over the country," which means that the convenience to Plaintiff is "accorded less weight." *Mina*, 2020 U.S. Dist. LEXIS 127905, at

*7.

In sum, the relatively small inconvenience to Plaintiff is outweighed by the greater convenience that will come from litigating in Texas, including access to unwilling witnesses. Thus, this is not a case of "merely shift[ing] the inconvenience" from one party to another, but a shift that will promote the efficient resolution of the entire action.

### 3. Convenience of the Witnesses

The largest concentration of witnesses relevant to this case is in Texas, where all of Securico's employees reside. *See* Exhibit A, ¶ 9. In particular, the individuals knowledgeable about Securico's business operations are all located in Austin, Texas. *See id.* Although Plaintiff seeks to represent a nationwide class, it is doubtful that he will rely on any Arizona witnesses other than himself. Thus, Texas is "more convenient for everyone other than" Plaintiff. *Laguardia*, 2020 U.S. Dist. LEXIS 88142, at *21.

### 4. Ease of Access to Evidence

Generally, this factor favors whichever venue is home to the bulk of the documentary evidence and witnesses. *See Kissick*, 2019 U.S. Dist. LEXIS 209783, at *16; *Kempton*, 2019 U.S. Dist. LEXIS 178225, at *10; *Hawkins*, 924 F. Supp. 2d at 1216. That said, "this factor no longer carries much weight in the transfer analysis given that technology has made it easier for documents to be transferred to different locations." *Kissick*, 2019 U.S. Dist. LEXIS 209783, at *16.

Given that there is unlikely to be specific documentary evidence not stored in some type of electronic format, this factor is neutral. *See Laguardia*, 2020 U.S. Dist. LEXIS 88142, at *22-23; *Martin*, 2015 U.S. Dist. LEXIS 59474, at *13 ("[T]his factor [is] neutral. The case is proceeding as a putative nationwide class action. The defendant is headquartered out of state and its relevant records may be in electronic form. The plaintiff's evidence . . . will likely be de minimis.").

### 5. Familiarity of Each Forum with Applicable Law

Transfer is favored where the receiving court is more familiar with the law underlying the plaintiff's claim. But here, because "the TCPA is a federal statute," both this District and

the Western District of Texas are equally familiar with the law. *Kempton*, 2019 U.S. Dist. LEXIS 178225, at *8. As such, this factor is neutral. *See id*.; *Laguardia*, 2020 U.S. Dist. LEXIS 88142, at *23; *Kissick*, 2019 U.S. Dist. LEXIS 209783, at *14.

### 6. Local Interest in the Controversy

The venue with the greater local interest is the venue favored in the transfer analysis. *See Williams*, 157 F. Supp. 2d at 1109-10. Where the case is not "particular[ly] localized," this factor favors transfer to the venue where the "crux" of the underlying events took place. *Hawkins*, 924 F. Supp. 2d at 1216-17.

The conflict here is between Arizona's interest in protecting its own citizen (Plaintiff) and Texas's interest in holding a local *alleged* wrongdoer (Securico) responsible. The crux of this case, as alleged, comes down to wrongdoing emanating from Texas and reaching nationwide. Although Plaintiff felt the harm from the alleged wrongdoing in Arizona, the class-wide nature of his allegations makes the real geographic center of gravity in this case the place where the harm purportedly originated—*i.e.*, Texas. In other words, the "primary focus" of this action is Securico's alleged marketing of its services to a nationwide audience. In these circumstances, the interest is not "particular[ly] localized" and venue is more appropriate where the crux of the case occurred. *See id*. Accordingly, this factor favors transfer. *See also Mina*, 2020 U.S. Dist. LEXIS 127905, at *11 ("[A] TCPA class action making similar allegations against Defendants was recently transferred to Colorado. As in that case, the Court similarly finds that Colorado has a significant local interest in having a dispute involving a company headquartered in its state decided at home.").

### 7. Relative Court Congestion

The final factor examines where the case would likely proceed most quickly. *See Martin*, 2015 U.S. Dist. LEXIS 59474, at *14-15. According to information available from the Administrative Office of the U.S. Courts, the average time to disposition of a civil case

in the Western District of Texas is 7.6 months.[2] The average time to disposition of a civil case in this District is 6.4 months.[3] Because the relative speed of litigation in the two forums is roughly equivalent, this factor is neutral.

### 8. On Balance, the Factors Weigh in Favor of Transfer

In consideration of the relevant factors, the Court should conclude that a transfer to the Western District of Texas, Austin Division is warranted. The only factor weighing against transfer is Plaintiff's choice of forum, but because this is a putative class action, that choice is only entitled to modest weight. On the other hand, the convenience factors (parties, witnesses, and evidence) and local interest factor favor transfer. The rest of the factors are neutral. Taken together, the Court should transfer this putative class action to the most convenient forum—the Western District of Texas, Austin Division.

## IV. PRAYER FOR RELIEF

For these reasons, Defendant Securico Life Insurance Company respectfully requests that, subject to the Motion to Dismiss [Dkt. 7], the Court grant this Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and transfer this action to the United States District Court for the Western District of Texas, Austin Division.

---

[2] *Federal Judicial Caseload Statistics*, Table C-5-U.S. District Courts-Civil Federal Judicial Statistics (March 31, 2025), https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2025/03/31.

[3] *Id.*

DATED: August 25, 2025

By:    */s/ Ian Davis*
Ian M. Davis, admitted *pro hac vice*
idavis@mcginnislaw.com
Texas State Bar No. 24120793
**MCGINNIS LOCHRIDGE LLP**
1111 West 6th Street, Bldg. B, Ste. 400
Austin, TX 78703
512-495-6000
512-495-6093 (Fax)

**Attorney for Defendant Securico Life Insurance Company**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 25th day of August, 2025, I served the foregoing document on the counsel listed below via the Court's ECF management system:

Anthony Paronich
Paronich Law, PC
350 Lincoln Street, Ste. 2400
Hingham, MA 02043
617.485.0018
Anthony@paronichlaw.com

                    */s/ Ian Davis*