IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Securico Life Insurance Company,<br><br>Defendant. | Case No. 2:25-CV-02721-PHX-DWL<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE** |

## INTRODUCTION

Defendant Securico Life Insurance Company ("Securico") seeks to transfer this case away from Arizona—the forum where Plaintiff resides, where the illegal calls were received, and where the harm occurred—to the Western District of Texas, the site of Securico's headquarters. This request should be denied.

Venue is proper in this District because a substantial part of the events giving rise to the claim occurred here. Plaintiff's choice of forum, particularly his home forum, is entitled to substantial weight. And the statutory factors under 28 U.S.C. § 1404(a) do not favor transfer: the convenience of parties and witnesses, the locus of injury, and Arizona's strong local interest all point to keeping this case here.

Securico's motion amounts to an effort to shift inconvenience from a large corporate defendant to an individual Arizona consumer. That is not the purpose of § 1404(a).

## BACKGROUND

Plaintiff is a resident of Arizona whose cellular telephone number has been registered on the National Do Not Call Registry since November 15, 2024. In March and April 2025, Plaintiff received at least four unsolicited telemarketing calls promoting intend to Securico's funeral and burial insurance products. *See* ECF No. 8 ("FAC"). On March 27, 2025, Plaintiff received his third call. After answering, Plaintiff again heard the avatar voice, which asked scripted qualifying questions and then announced, "Great, you perfectly qualify, let me transfer you over to an agent." Plaintiff was transferred to Daniel Smith, who identified himself as a broker for Securico Life Insurance Company. and gave a callback number in upstate New York. Smith then proceeded to solicit Plaintiff to purchase Securico's funeral and burial insurance. The FAC specifically alleges that these calls were placed "by or on behalf of Securico" as part of a coordinated campaign to generate leads for its insurance products (FAC ¶¶ 46–51). Plaintiff further alleges that Securico conducts business in Arizona through licensed insurance producers, including Daniel Smith, whom Securico authorized, trained, and provided with the tools necessary to solicit policies here (FAC ¶¶ 47–49). Arizona law imposes supervisory obligations on insurers like Securico that appoint producers to sell their policies, further confirming that the company maintains a presence in this state (FAC ¶ 46).

# ARGUMENT

**A. Securico Has an Ongoing Business Presence in Arizona**

Securico is not an outsider to Arizona. As alleged in the FAC, Securico distributes its policies through a network of appointed producers licensed in Arizona (FAC ¶¶ 46–49). Daniel Smith was one such producer. He identified himself as affiliated with Securico, provided an internal identifier containing and offered only Securico-branded funeral and burial insurance products (FAC ¶¶ 47, 49–51). By appointing and authorizing producers in Arizona, Securico has purposefully availed itself of the privilege of conducting business here. Arizona law confirms this relationship. A.R.S. § 20-1241.04 requires insurers to maintain procedures to supervise producers and prevent regulatory violations. These duties flow from the insurer's decision to conduct business in Arizona through appointed agents. Of course, Courts have long held that a corporation that deliberately directs its activities into a forum cannot later complain that litigating there is inconvenient. *See e.g. Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

**B. Venue Is Proper Because the Calls Were Received in Arizona**

Venue lies in any district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "Generally, courts look to the venue provisions of 28 U.S.C. § 1391 to determine whether venue is proper." *Omnicell, Inc. v. Medacist Solutions Group, LLC*, 272 F.R.D. 469, 472 (N.D. Cal. 2011). Section 1391(b) provides, "A civil action may be brought in-- (2) a judicial district in which a

3

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

"[I]n a tort action," in determining where a substantial part of the events giving rise to the claim occurred, "the locus of the injury [is] a relevant factor." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001). Moreover, in cases involving "non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides...." *Capital Corp. Merchant Banking, Inc. v. Corporate Colocation, Inc.*, Case No. 6:07-cv-1626-Orl-19KRS, 2008 WL 4058014, at *3 (M.D. Fla. 2008). For TCPA cases, the injury is the invasion of privacy when the unwanted call is received. Plaintiff received all four calls in Arizona (FAC ¶¶ 56–58), making this District the most natural and convenient forum. Indeed, while denying a similar motion to transfer venue, Judge Rayes held, "[v]enue is proper in the District of Arizona because a substantial part of the events giving rise to the TCPA claim occurred in Maricopa County. § 1391(b)(2). Specifically, Plaintiff resided in the district and she and her cell phone were located therein when she allegedly suffered injury in the form of harassing phone calls." *Schick v. Resolute Bank,* 2019 U.S. Dist. LEXIS 227944, *3-4 (D. AZ.)

**C. Plaintiff's Choice of Forum Is Entitled to Deference**

Plaintiff resides in Arizona and received the calls here. Courts give substantial weight to a plaintiff's home forum. "For purposes of a section 1404(a) analysis, the plaintiff's choice of forum always weighs against transfer." *Martin*, 2015 U.S. Dist.

LEXIS 59474, 2015 WL 2124379 at *4. In general, "a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). However, where there is evidence of forum shopping, "plaintiff's choice will be accorded little deference." *Williams*, 157 F. Supp. 2d at 1106. Here, Plaintiff's choice of forum is entitled to some deference. Furthermore, there is no evidence of forum shopping—Plaintiff resides in this District and has, thus far, sought to litigate her claim only in this District. *Compare Kempton v. Life for Relief & Dev. Inc.,* 2019 U.S. Dist. LEXIS 178225 at *3 (D. Az.) (discrediting plaintiff's choice of venue because the case had been filed to avoid adverse result in a different venue); *Martin*, 2015 U.S. Dist. LEXIS 59474, 2015 WL 2124379 at *4 (discrediting plaintiff's choice of venue because case was originally filed in a different venue).

**D. The Convenience Factors Weigh Against Transfer**

The convenience of the parties does not support transfer. Plaintiff is an Arizona consumer who is a private individual, while Securico is a sophisticated national insurer with resources to litigate nationwide. Section 1404(a) does not permit transfer merely to shift inconvenience from defendant to plaintiff. *Coal. Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). The convenience of witnesses also favors Arizona. Plaintiff is the key fact witness, and his testimony regarding receipt and content of the calls is central to liability. He resides in Arizona (FAC ¶¶ 56–58). By contrast, Securico's corporate witnesses are employees whose testimony can be obtained remotely. Courts in

TCPA actions have recognized that the testimony of the call recipient is of primary importance, while corporate witnesses can be compelled regardless of forum.

Ultimately, Texas is a more *inconvenient* forum for Plaintiff, and as another court in this Circuit recently explained in another TCPA case, that is a sufficient basis for denying a motion to transfer the case away from Plaintiff's chosen venue:

> The plaintiff's choice of forum is entitled to at least some weight, even in purported class actions. Specific to this case, the plaintiff was allegedly injured in North Carolina, suffering, among other things, significant inconvenience from the defendant's robocalls. Requiring the plaintiff to prosecute a case in an inconvenient forum where his damages will largely be about inconvenience to him does not seem in the interests of justice. This is especially so since moving the case forward in this district is not particularly inconvenient or expensive for LeafFilter, see discussion infra. This district has a significant interest is seeing that citizens here obtain justice in a convenient forum.

*Button v. Leaffilter North, LLC*, No. 24-cv-132, *slip op.* [attached as Exhibit 1] (E.D.N.C. May 14, 2024). Precisely the same circumstances exist here, warranting the same outcome.

**E. Arizona's Local Interest Strongly Favors This Forum**

Finally, Arizona has a compelling local interest in protecting its residents from unlawful telemarketing. The TCPA was enacted to preserve domestic peace and prevent nuisance in the home. *See Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649–50 (4th Cir. 2019). Plaintiff's privacy was invaded in Arizona, and Arizona courts have a strong interest in enforcing both federal and state telemarketing laws against companies doing business here. By contrast, Texas's connection is limited to being the location of

Securico's headquarters, which does not outweigh the local interest of the forum where the harm occurred.

## CONCLUSION

Plaintiff resides in Arizona, received the unlawful calls in Arizona, and alleges that Securico conducts business in Arizona through appointed producers. Arizona has the strongest nexus to the claims and the greatest interest in protecting its citizens from intrusive telemarketing. Transfer would simply shift inconvenience from a large corporate defendant to an individual consumer, contrary to the purpose of § 1404(a). Defendant has not met its heavy burden to force the Plaintiff to travel to Texas for his deposition and trial and its motion to transfer should be denied.

Dated: September 3, 2025

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25