Ian M. Davis, admitted *pro hac vice*
idavis@mcginnislaw.com
Texas State Bar No. 24120793
**MCGINNIS LOCHRIDGE LLP**
1111 West 6th Street, Bldg. B, Ste. 400
Austin, TX  78703
512-495-6000
512-495-6093 (Fax)

**Attorney for Defendant Securico Life Insurance Company**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>Securico Life Insurance Company,<br><br>      Defendant. | Case No. 2:25-CV-02721-PHX-DWL<br><br>**DEFENDANT SECURICO LIFE INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

Defendant Securico Life Insurance Company ("Securico" or "Defendant") files this Reply in Support of its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Dkt. 8), and respectfully requests that the Court transfer this action to the United States District Court for the Western District of Texas, Austin Division. In support thereof, Securico would show as follows:

## I.   INTRODUCTION AND SUMMARY

In his Response (Dkt. 10), Plaintiff conspicuously downplays that his TCPA lawsuit is an attorney-driven proposed class action in which he seeks to represent a nationwide class. The reason for Plaintiff's omission should be evident. The law is clear that the general presumption that favors a plaintiff's choice of forum falls away in the context of a proposed class action. *See, e.g., Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987) (noting that although a plaintiff's choice of forum is generally accorded substantial weight, "when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight"); *Johnson v. Law,* 19 F.Supp.3d 1004, 1011 (S.D. Cal. 2014) (quoting *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013)) ("[I]n class actions, a plaintiff's choice of forum is often accorded less weight.").

These considerations are especially amplified in the TCPA context. As a court in this Circuit has explained: "TCPA class actions are normally ***attorney driven*** and require ***limited participation from the named plaintiff*** for their individual claims or as class representatives." *Laguardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 88142, at *22-23 (S.D. Cal. May 7, 2020) (emphasis added).

This case is no different. The only connection between this lawsuit and Arizona is that the named Plaintiff—Mr. Jonathan Bahr—resides in Arizona and purportedly received several violative phone calls there. Yet, the operative facts of the case all emanate from Texas. Although Securico acknowledges that transfer to the Western District of Texas may impose some degree of inconvenience onto Plaintiff, that is not the test. Rather, as explained in greater detail below, the Court's analysis is far more holistic and looks to the net convenience when determining whether to transfer venue under § 1404(a). Indeed, given

that Plaintiff seeks to represent a nationwide class, the fact that he may have received phone calls in Arizona is of minimal importance.

For the reasons below, Securico requests that the Court enter an order transferring this action to the United States District Court for the Western District of Texas, Austin Division.

## II.     ARGUMENT & AUTHORITIES

### A.     Plaintiff's *Allegations* Are Discredited by Securico's *Evidence*

Plaintiff's efforts to link Securico to Arizona are based purely on the allegations in his Complaint. Conspicuously, however, Plaintiff does not attach any evidence to substantiate these contentions.

By contrast, in support of its Motion to Transfer Venue, Securico attached the Declaration of its CEO, Jodie Tedrow. *See* Dkt. 8-1. In it, Ms. Tedrow testified under oath that:

- "all of Securico's employees are located in Austin, Texas." Dkt. 8-1, ¶ 9.

- "Securico does not own or operate any offices in the State of Arizona." *Id.* at ¶ 11.

- "Securico has no employees in the State of Arizona." *Id.*

- "Securico does not employ any captive agents that solicit Securico's services to consumers through telemarketing or any other medium." *Id.* at ¶ 8.

The Court should accept Securico's evidence, rather than Plaintiff's conclusory allegations.

### B.     Securico Does Not Dispute that Venue *Can* Be Proper in This District

In an effort to distract from the actual issues, Plaintiff dedicates a substantial portion of his Response to argue that venue is proper in the District of Arizona. In its Motion, Securico conceded as much. *See* Dkt. 8, at p. 5 ("venue is appropriate in this District as well.").

But whether venue is proper in this District is beside the point. In determining whether to transfer venue under Section 1404(a), the two inquiries are: (1) whether the transferor and transferee courts are proper venues, and (2) if so, whether the multiple factors

weigh in favor of transfer. *See, e.g., Laguardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 88142, at *18 (S.D. Cal. 2020). Securico demonstrated in its Motion that the Western District of Texas is a proper venue, and Plaintiff does not dispute that in his Response. And, as explained in Securico's Motion, the various factors militate in favor of transfer.

### C.     Contrary to Plaintiff's Argument, His Choice of Venue is Entitled to Minimal Deference

In its Motion, Securico explained that, although a plaintiff's choice of forum is ordinarily "afforded substantial weight," *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001), that general rule ***falls away*** "when an individual . . . represents a class," in which case the plaintiff's choice of forum is "given less weight." *Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987). This is especially true where "the operative facts have not occurred within the forum[.]" *Id*.

Confoundingly, Plaintiff entirely ignores this binding Ninth Circuit law and argues that his choice of forum is entitled to "substantial weight" because he "resides in Arizona and [allegedly] received the calls here." Dkt. 10, at p. 4.

While Plaintiff's choice of forum may be entitled to *some* deference, it is not entitled to the "substantial weight" he claims. And moreover, it is undisputed that a majority of the operative facts—where Securico directs its business operations—occurred in Texas, not Arizona. *See* Dkt. 8-1, ¶¶ 5-7, 9; *see also Kissick v. Am. Residential Servs., LLC,* 2019 U.S. Dist. LEXIS 209783, at *7 (C.D. Cal. July 18, 2019) ("Contrary to Plaintiff's contention that the only operative facts are that he 'resides in this District and received the call(s) at issue in this District,' this action will necessarily involve numerous other operative facts about [defendant's] business practices and decisions behind the call that was alleged to be in violation of the TCPA"). This is the only factor that even slightly weighs in Plaintiff's favor. Because on balance the factors favor transfer, the Court should grant Securico's Motion.

### D.     Plaintiff's Convenience Analysis Misses the Mark

Plaintiff's convenience analysis focuses only on himself. He claims that because he is "the key fact witness," requiring him to litigate in Texas will be inconvenient. *See* Dkt.

10, at pp. 5-6.

But focusing solely on a plaintiff's inconvenience is not how courts examine the convenience factors. As Securico explained in its Motion, the convenience analysis examines the *relative* convenience of the parties of litigating in the transferee or transferor court. *See Vu v. Ortho-McNeil Pharm., Inc.,* 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009). In other words, transfer is warranted when it makes the litigation more convenient *overall*, even if that comes at the expense of slightly increasing the inconvenience to one party. *See Kissick v. Am. Residential Servs., LLC,* 2019 U.S. Dist. LEXIS 209783, at *8-10 (C.D. Cal. July 18, 2019).

Moreover, Plaintiff entirely ignores that many of the operative facts in this case occurred in Texas. *See Pierucci v. Homes.com, Inc.,* 2020 U.S. Dist. LEXIS 165956, at *12-14 (D. Ariz. Sept. 10, 2020); *see also* Dkt. 8-1, ¶¶ 5-7, 9. And Plaintiff fails to address Securico's argument that the Western District of Texas will be better equipped to compel the testimony of any former employee unwilling to testify, an option likely unavailable in this District. *See Mina v. Red Robin Int'l*, 2020 U.S. Dist. LEXIS 127905, at *6-7 (C.D. Cal. 2020); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).

Plaintiff also argues that "[c]ourts in TCPA actions have recognized that the testimony of the call recipient is of primary importance[.]" Dkt. 10, at pp. 5-6. Putting aside that Plaintiff doesn't support his sweeping statement with any case law or other authority, the law is actually the opposite of what Plaintiff contends: "TCPA class actions are normally *attorney driven* and require *limited participation* from the named plaintiff for their individual claims or as class representatives." *Laguardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 88142, at *22-23 (S.D. Cal. May 7, 2020) (emphasis added).

Finally, Plaintiff points the Court to an opinion issued by "another court in this Circuit[.]" Dkt. 10, at p. 6. He claims that in this case—*Button v. Leaffilter*—inconvenience to the plaintiff was "a sufficient basis for denying a motion to transfer" venue. *See id.*

A cursory review of this case shows otherwise. For one, contrary to Plaintiff's representation, *Button v. Leaffilter* is a slip opinion from the Eastern District of North

1   Carolina, not a case from "another court in this Circuit[.]" Dkt. 10, at p. 6 (citing *Button v.*
2   *Leaffilter North, LLC,* No. 24-cv-132, slip op. (E.D. N.C. May 14, 2024)). But more to the
3   point, the Fourth Circuit's factor balancing test under Section 1404(a) differs from that in
4   the Ninth Circuit. *Compare Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v.*
5   *Plumbing Servs., Inc.,* 791 F.3d 436, 444 (4th Cir. 2015) *with Vu v. Ortho-McNeil Pharm.,*
6   *Inc.,* 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009); *Kempton v. Life for Relief and Dev. Inc.*,
7   2019 U.S. Dist. LEXIS 178225, at *4 (D. Ariz. Oct. 15, 2019).

8       Additionally, Plaintiff deceptively omits discussion of other factors important to the
9   court in *Button*—notably, that litigating the case in N.D. Ohio wasn't particularly convenient
10  for anyone. Specifically, in denying the Section 1404(a) motion to transfer venue, the court
11  noted: (1) the plaintiff's counsel was located in North Carolina (*i.e.* the transferor court), (2)
12  the defendant's counsel was not located in the N.D. Ohio (*i.e.* the proposed transferee court),
13  and (3) only "a few witnesses [were] located in Ohio, and several [were] located elsewhere."
14  Dkt. 10-1, at pp. 3-4.

15      By contrast, in this case, (1) Plaintiff's counsel is located in Massachusetts, meaning
16  he will have to travel regardless of where the case is litigated, (2) Securico's counsel is
17  located in the Western District of Texas, and (3) other than Plaintiff, all of the witnesses will
18  be located in Texas. *See* Dkt. 8-1, ¶¶ 8-11.

19      In sum, the relatively small inconvenience to Plaintiff is outweighed by the greater
20  convenience that will come from litigating in Texas, including access to unwilling witnesses.
21  Thus, this is not a case of "merely shift[ing] the inconvenience" from one party to another,
22  but a shift that will promote the efficient resolution of the entire action.

23      **E.**    **Texas's Local Interest in the Controversy Is Greater than Arizona's**

24      Once again, Plaintiff's analysis ignores that he has chosen to file a proposed
25  nationwide class action. The crux of this case, as alleged, comes down to wrongdoing
26  emanating from Texas and ***reaching nationwide***. Although Plaintiff contends that he felt the
27  harm in Arizona, the class-wide nature of his allegations makes the real geographic center
28  of gravity in this case the place where the harm purportedly originated—*i.e.*, Texas. In other

words, the "primary focus" of this action is Securico's alleged marketing of its services to a nationwide audience. In these circumstances, the interest is not "particular[ly] localized," and venue is more appropriate where the crux of the case occurred. *See Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216-17 (S.D. Cal. 2013). Accordingly, this factor favors transfer. *See also Mina v. Red Robin Int'l*, 2020 U.S. Dist. LEXIS 127905, at *11 (C.D. Cal. 2020) ("[A] TCPA class action making similar allegations against Defendants was recently transferred to Colorado. As in that case, the Court similarly finds that Colorado has a significant local interest in having a dispute involving a company headquartered in its state decided at home."). The fact that Plaintiff ignores this line of cases demonstrates the weakness of his rebuttal.

### III. PRAYER FOR RELIEF

For these reasons, Defendant Securico Life Insurance Company respectfully requests that the Court grant its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Dkt. 8) and transfer this action to the United States District Court for the Western District of Texas, Austin Division.

DATED: September 10, 2025

By:     */s/ Ian Davis*
Ian M. Davis, admitted *pro hac vice*
idavis@mcginnislaw.com
Texas State Bar No. 24120793
**MCGINNIS LOCHRIDGE LLP**
1111 West 6th Street, Bldg. B, Ste. 400
Austin, TX 78703
512-495-6000
512-495-6093 (Fax)

**Attorney for Defendant Securico Life Insurance Company**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 10th day of September, 2025, I served the foregoing document on the counsel listed below via the Court's ECF management system:

Anthony Paronich
Paronich Law, PC
350 Lincoln Street, Ste. 2400
Hingham, MA 02043
617.485.0018
Anthony@paronichlaw.com

    */s/ Ian Davis*