Ian M. Davis, admitted *pro hac vice*
idavis@mcginnislaw.com
Texas State Bar No. 24120793
**MCGINNIS LOCHRIDGE LLP**
1111 West 6th Street, Bldg. B, Ste. 400
Austin, TX  78703
512-495-6000
512-495-6093 (Fax)

**Attorney for Defendant Securico
Life Insurance Company**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>Securico Life Insurance Company,<br><br>        Defendant. | Case No. 2:25-CV-02721-PHX-DWL<br><br>**DEFENDANT SECURICO LIFE INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. 9]** |

Defendant Securico Life Insurance Company ("Securico" or "Defendant") files this Original Answer to Plaintiff's First Amended Complaint (the "FAC") (Dkt. 9) and, in support thereof, would respectfully show the Court as follows.

## I.  ANSWER

1. Paragraph 1 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 1 of the FAC contains any factual allegations, Defendant denies.

2. Paragraph 2 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 2 of the FAC contains any factual allegations, Defendant denies.

3. In response to Paragraph 3 of the FAC, Defendant admits that Plaintiff seeks to bring a claim under the Telephone Consumer Protection Act ("TCPA"). Defendant denies that it made telemarketing calls to numbers on the National Do Not Call Registry, denies that it made any calls using pre-recorded messages, and denies that it violated the TCPA.

4. In response to Paragraph 4 of the FAC, Defendant admits that Plaintiff seeks to bring a class action. Defendant denies that such a class action is proper. Defendant denies all remaining factual allegations in Paragraph 4 of the FAC.

5. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the FAC.

6. Defendant admits all factual allegations contained in Paragraph 6 of the FAC.

7. In response to Paragraph 7 of the FAC, Defendant admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims, as alleged,

arise under federal law.

8. In response to Paragraph 8 of the FAC, and without waiving its Motion to Transfer Venue (Dkt. 8), Defendant is without sufficient information to admit or deny whether Plaintiff received a call in Arizona. Defendant denies all remaining factual allegations contained in Paragraph 8 of the FAC.

9. In response to Paragraph 9 of the FAC, Defendant admits that Congress enacted the TCPA in 1991. The remainder of Paragraph 9 contains only legal conclusions to which no response is required.

10. Paragraph 10 of the FAC contains only legal conclusions to which no response is required.

11. Paragraph 11 of the FAC contains only legal conclusions to which no response is required.

12. Paragraph 12 of the FAC contains only legal conclusions to which no response is required.

13. Paragraph 13 of the FAC contains only legal conclusions to which no response is required.

14. Paragraph 14 of the FAC contains only legal conclusions to which no response is required.

15. In response to Paragraph 15 of the FAC, Defendant admits that it is a for-profit company. Defendant further admits that it sells insurance. Defendant denies all remaining factual allegations contained in Paragraph 15 of the FAC.

16. In response to Paragraph 16 of the FAC, Defendant admits that Plaintiff is a

person.

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the FAC.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the FAC.

19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the FAC.

20. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the FAC.

21. Defendant denies the allegations contained in Paragraph 21 of the FAC.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the FAC.

23. Defendant denies the allegations contained in Paragraph 23 of the FAC.

24. In response to Paragraph 24 of the FAC, Defendant denies that Daniel Smith is its "producer" and further denies that it has any agency relationship with Daniel Smith whatsoever or that the calls were connected to Defendant's telemarketing efforts. Defendant is without sufficient information to admit or deny all remaining factual allegations contained in Paragraph 24 of the FAC.

25. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 25 of the FAC.

26. Defendant is without sufficient information to admit or deny all factual

allegations contained in Paragraph 26 of the FAC.

27. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 27 of the FAC.

28. In response to Paragraph 28 of the FAC, Defendant specifically denies that it uses any pre-recorded messages. Defendant is without sufficient information to admit or deny all remaining factual allegations contained in Paragraph 28 of the FAC.

29. In response to Paragraph 29 of the FAC, Defendant specifically denies that Daniel Smith is a broker for Defendant and further denies that it has any agency relationship with Daniel Smith whatsoever. Defendant is without sufficient information to admit or deny all remaining factual allegations contained in Paragraph 29 of the FAC.

30. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 30 of the FAC.

31. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 31 of the FAC.

32. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 32 of the FAC.

33. Defendant admits all factual allegations contained in Paragraph 33 of the FAC.

34. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 34 of the FAC.

35. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 35 of the FAC.

36. Defendant is without sufficient information to admit or deny all factual

allegations contained in Paragraph 36 of the FAC.

37. In response to Paragraph 37 of the FAC, Defendant denies that Plaintiff or the proposed class members were harmed by any conduct of Defendant.

38. In response to Paragraph 38 of the FAC, Defendant admits that one of the claims asserted in Defendant's motion to dismiss was that Plaintiff's original complaint failed to adequately plead that Daniel Smith was an employee or agent of Defendant pursuant to the Rule 12(b)(6) pleading standards.

39. In response to Paragraph 39 of the FAC, Defendant denies that Daniel Smith was employed by or directly affiliated with Defendant as a part of its sales force or otherwise. Defendant is without sufficient information to admit or deny what Daniel Smith said on the phone call with Plaintiff because Defendant has no affiliation or relationship with Daniel Smith.

40. In response to Paragraph 40 of the FAC, Defendant specifically denies that it hired or contracted with a Daniel Smith as a broker or producer and further denies that Daniel Smith is or has ever been an employee subject to Defendant's direction, training and discipline. Defendant is without sufficient knowledge to admit or deny what other life insurers do.

41. Defendant denies all factual allegations contained in Paragraph 41 of the FAC.

42. In response to Paragraph 42 of the FAC, Defendant admits that Daniel Smith is not, and never was, a formal employee of Defendant. Defendant specifically denies that Daniel Smith was an appointed producer/agent of Defendant vested with the authority to solicit and sell Defendant's policies. Defendant further denies that it ever provided an

individual named Daniel Smith with any tools, product access, quoting platforms, or scripts in connection with the sale of Defendant's services.

43. Defendant denies all factual allegations contained in Paragraph 43 of the FAC.

44. In response to Paragraph 44 of the FAC, Defendant admits that its life-insurance products are marketed through a network of licensed independent insurance producers who are legally authorized and contracted to sell Defendant's policies but denies that there are any other individuals "otherwise permitted to sell Securico policies" and further denies that such producers are legal agents of Defendant. Defendant denies that Daniel Smith is or has ever been an independent agent of Defendant.

45. Paragraph 45 of the FAC contains only legal conclusions to which no response is required.

46. Paragraph 46 of the FAC contains only legal conclusions to which no response is required.

47. In response to Paragraph 47 of the FAC, Defendant admits that Daniel Smith is not and never was a direct employee of Defendant. Defendant denies all remaining factual allegations contained in Paragraph 47 of the FAC.

48. Defendant denies all factual allegations contained in Paragraph 48 of the FAC.

49. Defendant denies all factual allegations contained in Paragraph 49 of the FAC.

50. Defendant denies all factual allegations contained in Paragraph 50 of the FAC.

51. Defendant denies all factual allegations contained in Paragraph 51 of the FAC.

52. In response to Paragraph 52 of the FAC, Defendant admits that Daniel Smith is not a direct employee of Defendant. Defendant specifically denies that it is liable under a

theory of apparent authority.

53. Defendant denies all factual allegations contained in Paragraph 53 of the FAC.

54. Defendant denies all factual allegations contained in Paragraph 54 of the FAC.

55. Defendant denies all factual allegations contained in Paragraph 55 of the FAC.

56. In response to Paragraph 56 of the FAC, Defendant admits that Daniel Smith is not a direct employee of Defendant. Defendant denies that it is liable to Plaintiff under a theory of ratification.

57. In response to Paragraph 57 of the FAC, Defendant admits that Daniel Smith and Defendant did not share, and never have shared, a formal or informal agency relationship. Defendant denies all remaining factual allegations contained in Paragraph 57 of the FAC.

58. Defendant denies all factual allegations contained in Paragraph 58 of the FAC.

59. In response to Paragraph 59 of the FAC, Defendant incorporates by reference all other paragraphs of this Original Answer as though fully stated herein.

60. In response to Paragraph 60 of the FAC, Defendant admits that Plaintiff is seeking to bring an action on behalf of a class pursuant to Rules 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure. Defendant specifically denies that Plaintiff is authorized to bring a class action under Rule 23(b)(2) and/or (b)(3).

61. In response to Paragraph 61 of the FAC, Defendant admits that Plaintiff is proposing to represent a class of persons in this lawsuit. Defendant denies that Plaintiff should represent the proposed classes identified in Paragraph 61 of the FAC. The remainder of Paragraph 61 of the FAC contains only legal conclusions to which no response is required.

To the extent that Paragraph 61 of the FAC contains any other factual allegations, Defendant denies.

62. Paragraph 62 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 62 of the FAC contains any factual allegations, Defendant denies.

63. Paragraph 63 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 63 of the FAC contains any factual allegations, Defendant denies.

64. Defendant denies all factual allegations contained in Paragraph 64 of the FAC and specifically denies that it has harmed Plaintiff or any members of the proposed class.

65. In response to Paragraph 65 of the FAC, Defendant admits that the FAC seeks injunctive relief and money damages; however, Defendant denies that Plaintiff is entitled to any injunctive relief or money damages.

66. Defendant denies all factual allegations contained in Paragraph 66 of the FAC.

67. Defendant denies all factual allegations contained in Paragraph 67 of the FAC.

68. Defendant denies all factual allegations contained in Paragraph 68 of the FAC.

69. Defendant denies all factual allegations contained in Paragraph 69 of the FAC.

70. Paragraph 70 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 70 of the FAC contains any factual allegations, Defendant denies.

71. Paragraph 71 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 71 of the FAC contains any factual allegations,

Defendant denies.

72. Paragraph 72 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 72 of the FAC contains any factual allegations, Defendant denies.

73. Paragraph 73 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 73 of the FAC contains any factual allegations, Defendant denies.

74. Paragraph 74 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 74 of the FAC contains any factual allegations, Defendant denies.

75. Defendant is without sufficient information to admit or deny all factual allegations contained in Paragraph 75 of the FAC.

76. Paragraph 76 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 76 of the FAC contains any factual allegations, Defendant denies.

77. Paragraph 77 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 77 of the FAC contains any factual allegations, Defendant denies.

78. Paragraph 78 of the FAC contains only legal conclusions to which no response is required. To the extent that Paragraph 78 of the FAC contains any factual allegations, Defendant denies.

79. In response to Paragraph 79 of the FAC, Defendant incorporates by reference

all other paragraphs of this Original Answer as though fully restated here.

80. In response to Paragraph 80 of the FAC, Defendant denies all factual allegations contained therein. The remainder of Paragraph 80 of the FAC contains only legal conclusions to which no response is necessary, but Defendant specifically denies that it violated Plaintiff's rights or the rights of any proposed class members.

81. Defendant denies all factual allegations contained in Paragraph 81 of the FAC.

82. In response to Paragraph 82 of the FAC, Defendant denies that it violated Plaintiff's rights, or the rights of any proposed class members, including any rights under the TCPA. Defendant denies that Plaintiff, or any proposed class members, are presumptively entitled to an award of between $500 and $1,500. The remainder of Paragraph 82 of the FAC contains only legal conclusions to which no response is required.

83. Defendant denies all factual allegations contained in Paragraph 83 of the FAC and denies that Plaintiff or any proposed class members are entitled to injunctive relief.

84. In response to Paragraph 84 of the FAC, Defendant incorporates by reference all other paragraphs of this Original Answer as though fully restated here.

85. Defendant denies all factual allegations contained in Paragraph 85 of the FAC.

86. Paragraph 86 of the FAC contains legal conclusions to which no response is required. To the extent that Paragraph 86 of the FAC contains factual allegations, Defendant denies.

87. Defendant denies all factual allegations contained in Paragraph 87 of the FAC and denies that Plaintiff or any proposed class members are entitled to any award.

88. Defendant denies all factual allegations contained in Paragraph 88 of the FAC

and denies that Plaintiff or any proposed class members are entitled to injunctive relief.

## II.   DEFENSES

Defendant asserts and affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

Defendant asserts and affirmatively pleads that it is not liable for the acts or omissions of third parties, including Daniel Smith, with whom Defendant has no formal or informal agency relationship.

Defendant asserts and affirmatively pleads that Plaintiff's claims are barred, in whole or in part, because Plaintiff's telephone number at issue is not used exclusively for residential purposes.

Defendant asserts and affirmatively pleads that Plaintiff's claims are barred because Defendant has complied with the good faith safe harbor provision set forth in 47 CFR 64.1200(c)(2)(i).

## III.   PRAYER FOR RELIEF

For these reasons, Defendant Securico Life Insurance Company prays that this Court dismiss this action and enter a take nothing judgment in its favor. Defendant further prays for any and all necessary and proper relief to which it may show itself justly entitled.

DATED: October 1, 2025

By:    */s/ Ian Davis*
Ian M. Davis, admitted *pro hac vice*
idavis@mcginnislaw.com
Texas State Bar No. 24120793
**MCGINNIS LOCHRIDGE LLP**
1111 West 6th Street, Bldg. B, Ste. 400
Austin, TX 78703
512-495-6000
512-495-6093 (Fax)

**Attorney for Defendant Securico Life Insurance Company**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 1st day of October, 2025, I served the foregoing document on the counsel listed below via the Court's ECF management system:

Anthony Paronich
Paronich Law, PC
350 Lincoln Street, Ste. 2400
Hingham, MA 02043
617.485.0018
Anthony@paronichlaw.com

   */s/ Ian Davis*