**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, | No. CV-25-02721-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Securico Life Insurance Company, | |
| Defendant. | |

    This is a putative class action arising under the Telephone Consumer Protection Act ("TCPA"). (Doc. 9.) Plaintiff alleges that he is an Arizona resident; that Defendant is a Texas-based "for-profit company that sells insurance, including funeral and burial insurance"; that he registered his phone number on the National Do-Not-Call Registry in November 2024; and that he thereafter received "at least four calls" that "were all placed by or on behalf of [Defendant] as part of a coordinated funeral/final-expense insurance telemarketing campaign." (*Id.* ¶¶ 5, 6, 15, 17, 21, 23.) Plaintiff seeks to serve as the lead plaintiff of a "National Do Not Call Registry Class" composed of "[a]ll persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint." (*Id.* ¶ 61.)

    Now pending before the Court is Defendant's motion under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Western District of Texas. (Doc.

8.) The motion is fully briefed (Docs. 10, 15) and neither side requested oral argument. For the reasons that follow, the motion is granted.

## DISCUSSION

I. <u>Legal Standard</u>

Under 28 U.S.C. § 1404(a), a district court "may transfer any civil action to any other district or division where it might have been brought" if a transfer would promote "the convenience of parties and witnesses [and] the interest of justice." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (cleaned up).

If the action could have originally been brought in the proposed transferee forum, the Court must then "weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). There are eight factors that courts frequently consider:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Kempton v. Life for Relief and Dev. Inc.*, 2019 WL 5188750, *2 (D. Ariz. 2019). *See also Jones*, 211 F.3d at 498-99 (providing a similar list of factors and noting "that the relevant public policy of the forum state" may be a relevant consideration). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp. 3d 993, 1004 (N.D. Cal. 2018). "The burden of establishing that an action should be transferred is on the moving party." *Cambridge Filter Corp. v. Int'l Filter Co.*, 548 F. Supp. 1308, 1310 (D. Nev. 1982).

II.     Analysis

Defendant correctly notes (Doc. 8 at 3), and Plaintiff does not seem to dispute, that this case could have originally been brought in the Western District of Texas. The outcome thus turns on whether a transfer would promote the convenience of parties and witnesses and the interests of justice.

In *Pierucci v. Homes.com Inc.*, 2020 WL 5439534 (D. Ariz. 2020), this Court addressed a similar request. There, an Arizona-based plaintiff filed a putative TCPA class action in the District of Arizona and the defendant then moved to transfer the action under § 1404(a) to the judicial district where it was based (the Eastern District of Virginia). After weighing the § 1404(a) factors, the Court concluded that the transfer request should be granted.

More specifically, the Court concluded that the first § 1404(a) factor (plaintiff's choice of forum) was "entitled to some deference, but not the 'substantial weight' it would be accorded in most cases" for the "simple" reason that the plaintiff "seeks to represent a class" and "most of the operative facts . . . occurred in [the defendant's home district], not Arizona." *Id.* at *4.

As for the next factor (convenience of parties), the Court concluded that it weighed in favor of transfer:

> Litigating this case in Virginia is obviously more convenient for [defendant]. It is headquartered there, and, as noted, many of the operative facts in this case occurred in Virginia. Moreover, the Eastern District of Virginia will be more able to compel the testimony of any former employee unwilling to testify, an option likely unavailable in this district. On the other hand, [plaintiff] would suffer only modest inconvenience if forced to litigate in Virginia. It's true that litigating this action in Virginia will be less convenient to her than litigating in her home state. But the fact this is a class action mitigates that concern. TCPA class actions are normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representatives. Additionally, potential class plaintiffs will come from all over the country, which means that the convenience to [plaintiff] is accorded less weight. Taken together, the relatively small inconvenience to [plaintiff] is outweighed by the greater convenience that will come from litigating in Virginia, including access to unwilling

- 3 -

>witnesses. Thus, this is not a case of merely shifting the inconvenience from one party to another, but a shift that will promote the efficient resolution of the entire action.

*Id.* at *5 (cleaned up).

As for the next factor (convenience of witnesses), the Court concluded that it weighed in favor of transfer, albeit only slightly, because "the largest concentration of witnesses" with knowledge of the challenged marketing operations resided there, whereas the plaintiff "identifie[d] no Arizona witnesses other than herself." *Id.*

As for the next factor (ease of access to evidence), the Court concluded that it was neutral, mostly due to changes in "technology [that have] made it easier for documents to be transferred to different locations." *Id.* at *6 (citation omitted).

As for the next factor (familiarity of each forum with applicable law), the Court concluded that it was neutral because the TCPA is a federal statute. *Id.*

As for the next factor (local interest in controversy), the Court concluded that it favored transfer, explaining that "[t]he conflict here is between Arizona's interest in protecting its own citizen . . . and Virginia's interest in holding a local alleged wrongdoer . . . responsible. The crux of this case, as alleged, comes down to wrongdoing emanating from Virginia and reaching nationwide. Although [plaintiff] felt the harm from the alleged wrongdoing in Arizona, the class-wide nature of her allegations makes the real geographic center of gravity in this case the place where the harm originated." *Id.*

As for the final factor (relative court congestion), the Court concluded that it favored transfer because the Eastern District of Virginia had a significantly lower average time to disposition of a civil case than the District of Arizona. *Id.*[1]

In its motion to transfer, Defendant cites *Pierucci* and argues that, for essentially the same reasons that transfer was warranted in that case, transfer is warranted here. (Doc. 8 at 4-8.) Defendant also provides a declaration from its CEO, who avows that all of

---

[1] Although, as noted above, some courts also consider "feasibility of consolidation with other claims," that factor was not implicated or discussed in *Pierucci*.

- 4 -

Defendant's employees are located in the Western District of Texas and that Defendant does not own or operate any offices or have any employees in Arizona. (Doc. 8-1 ¶¶ 9, 11.) In response, Plaintiff does not cite—much less attempt to distinguish—*Pierucci* but advances various reasons why the transfer request should be denied, including that Defendant is alleged to "distribute[] its policies through a network of appointed producers licensed in Arizona," that Defendant's "corporate witnesses are employees whose testimony can be obtained remotely," that he will be inconvenienced by litigation in Texas, and that other courts have sometimes denied transfer requests in TCPA cases. (Doc. 10.) In reply, Defendant begins: "Plaintiff conspicuously downplays that his TCPA lawsuit is an attorney-driven proposed class action in which he seeks to represent a nationwide class. The reason for Plaintiff's omission should be evident. The law is clear that the general presumption that favors a plaintiff's choice of forum falls away in the context of a proposed class action." (Doc. 15 at 1.) Defendant also contends that "Plaintiff's convenience analysis focuses only on himself . . . [b]ut focusing solely on a plaintiff's inconvenience is not how courts examine the convenience factors." (*Id.* at 3-4.)

The Court has carefully considered the parties' arguments and sees no reason why the outcome should be different here than it was in *Pierucci*. Plaintiff's choice of forum is not entitled to the same weight it would ordinarily trigger in the § 1404(a) analysis, due to this being a class action, and several other factors favor transfer for essentially the same reasons as in *Pierucci*. *See also Neff v. Towbin Dodge LLC*, 2020 WL 6802188 (E.D. Cal. 2020) (granting § 1404(a) transfer request in TCPA class action for similar reasons); *Shelton v. Freedom Forever, LLC*, 2025 WL 693249 (E.D. Pa. 2025) (same).

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion to transfer (Doc. 8) is **granted**.

2. The Clerk shall transfer this action to the United States District Court for the Western District of Texas, Austin Division.

Dated this 26th day of November, 2025.

_____
Dominic W. Lanza
United States District Judge